PROGRESSIVE CONCEPTS V. MYERS

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-342-CV

PROGRESSIVE CONCEPTS, INC. APPELLANT

D/B/A HAWK ELECTRONICS

V.

RANDY J. MYERS, INDIVIDUALLY, AND APPELLEE

AND ON BEHALF OF ALL OTHERS 

SIMILARLY SITUATED

------------

FROM THE 352ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from the trial court’s interlocutory order denying Appellant’s motion to compel arbitration.  Because we hold this order is not appealable, we dismiss this appeal for want of jurisdiction.  

Appellee filed a class action suit against Appellant who subsequently filed a motion in the trial court seeking to compel arbitration.  The trial court denied the motion and Appellant appealed the denial to this court.  Appellee has filed a motion to dismiss this appeal on the grounds that the order complained of is interlocutory and not appealable.  Appellee contends that Appellant sought arbitration under the federal arbitration act and that a denial of such a request is not subject to appeal.  Appellant responds that dismissal is not appropriate because Appellant did not expressly rely upon either the federal or the Texas arbitration act when it brought its motion to compel arbitration in the trial court.

A denial of an application to compel arbitration under the Texas arbitration act is appealable.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 171.098(a)(1) (Vernon Supp. 2004-05).  A denial of an application to compel arbitration under the federal arbitration act is not appealable; 
filing a petition for writ of mandamus is the proper procedure to resolve disputes governed by the federal arbitration act.  
Jack B. Anglin Co. v. Tipps
, 842 S.W.2d 266, 272-73 (Tex. 1992) (orig. proceeding); 9 U.S.C. § 16 (1999).

Appellant’s motion to compel arbitration specifically states:

A.   The arbitration clause is governed by the Federal Arbitration Act.

The arbitration provision in the WSA [Wireless Service Agreement between the parties] is governed by the Federal Arbitration Act (the “FAA”) because the transaction—as acknowledged by the parties—was a transaction in interstate commerce.  9 U.S.C. §1, 
et. seq.
  Myers, a Texas resident, contracted for wireless service from Cingular, a Delaware limited liability company.  Under the FAA, interstate commerce is broadly construed and need only be involved or affected in order for the FAA to apply.  
Allied-Bruce Terminex v. Dobson
, 513 U.S. 265, 273-74 (1995).  The FAA extends to any contract as far as the commerce clause will reach.  
Id.
  

The trial court’s October 14, 2004 order recites that the court conducted a hearing on Appellant’s motion to compel arbitration, and the court denied the motion.  The order makes no mention of either the Texas or federal arbitration acts. 

On November 3, 2004, Appellant filed in this court a petition for writ of mandamus, verified by affidavit, alleging that the suit in the trial court is governed by the federal arbitration act. 
 
In re Progressive Concepts, Inc. d/b/a Hawk Electronics
, No. 2-04-343-CV, 2004 WL 2624194, at *1 (Tex. App.—Fort Worth Nov. 15, 2004, orig. proceeding [mand. pending]) (mem. op. denying petition for writ of mandamus).  
On November 24, 2004, Appellant filed in the Texas Supreme Court a petition for writ of mandamus, accompanied by a motion for temporary relief.  The motion alleges that “Because the agreement at issue is governed by the Federal Arbitration Act, mandamus is the proper remedy to redress denial of the right to arbitration.” 
 That mandamus proceeding remains pending in the Texas Supreme Court. 
 In re Progressive Concepts, Inc. d/b/a/ Hawk Electronics
, Case No. 04-1055 (briefing on merits requested Jan. 19, 2005). 

Appellant has consistently taken the position in the trial court, in this court, and in the supreme court that the dispute between the parties is governed by the federal arbitration act.  Accordingly, we hold that we lack jurisdiction over this interlocutory appeal, and we grant Appellee’s motion to dismiss.

PER CURIAM

PANEL A:  HOLMAN, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  January 27, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.